FILED

2012 JUL 24 AM 8: 08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CAL MAX PROPERTIES, L.P.,
Trustee of the MARGARET
TRUST #25634,

               Plaintiff,

    vs.

DENNIS J. ESPINOZA; and
DOES 1 to 10, Inclusive,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV12-1168-UA (DUTYx)

ORDER SUMMARILY REMANDING
IMPROPERLY-REMOVED ACTION

    The Court will remand this unlawful detainer action to state court summarily because it has been removed improperly.

    On July 13, 2012, defendant Dennis J. Esponiza, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

/ / /

1

1   Simply stated, plaintiff could not have brought this action in federal court in
2   the first place, in that defendant does not competently allege facts supplying either
3   diversity or federal-question jurisdiction, and therefore removal is improper.  28
4   U.S.C. §1441(a); see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563,
5   125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005).  Even if complete diversity of citizenship
6   exists, the amount in controversy does not exceed the diversity-jurisdiction threshold
7   of $75,000.  See 28 U.S.C. §§ 1332, 1441(b).  On the contrary, the unlawful-detainer
8   complaint recites that the amount in controversy does not exceed $10,000.
9   Nor does plaintiff's unlawful detainer action raise any federal legal question.
10  See 28 U.S.C. §§ 1331, 1441(b).
11  Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the
12  Superior Court of California, Riverside County, 13800 Heacock Street, Moreno
13  Valley, CA 92553, for lack of subject matter jurisdiction pursuant to 28 U.S.C.
14  § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and
15  (3) that the Clerk serve copies of this Order on the parties.
16  IT IS SO ORDERED.

19  DATED: _____

AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE

21  Presented by:

24  David T. Bristow
25  United States Magistrate Judge

2

1  DENNIS J. ESPINOZA
2  25634 Margaret Ave.,
   Moreno Valley, CA 92551
3  Telephone: 951-984-2471
   Email POSTECS4100 @ Aol.com
4  No Fax

5  Defendants, In Pro Per

RECEIVED/RETURNED
CLERK, U.S. DISTRICT COURT

JUL 2 4 2012

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

6

7                           UNITED STATES DISTRICT COURT

8            FOR THE CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

9                    **ED  CV  12  -  01168**

10

11 CAL MAX PROPERTIES, L.P., Trustee of the        ) CASE NO: MVC1210692
12 MARGARET TRUST #25634                            )
                                                    ) HON.:
13              Plaintiff,                           )
                                                    )
14        vs.                                        )
                                                    ) [Removal from Superior Court of California,
15 DENNIS J. ESPINOZA, and DOES 1 to               ) County of Riverside]
16 10, Inclusive,                                   )
                                                    ) NOTICE OF REMOVAL OF CASE
17              Defendants                           ) TO FEDERAL COURT PURSUANT
                                                    ) TO 28 U.S.C §§1331 and 1446
18                                                  )
                                                    ) **(FEDERAL QUESTION)**
19 _____ )

20 TO THE COURT AND THE PARTIES:

21 PLEASE TAKE NOTICE that Dennis J. Espinoza ("Defendant") hereby

22 removes to this Court the above-captioned action described further below:

23 **I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

24 On April 8, 2012, Plaintiff, CAL MAX PROPERTIES, L.P., TRUSTEE OF THE MARGARET

25 TRUST # 25634, ("Plaintiff") filed an unlawful detainer action in the Superior Court of

26 California, County of Riverside, entitled

27

28 **NOTICE OF REMOVAL OF CASE TO FEDERAL COURT**

                                                                        Page 1

1  CAL MAX PROPERTIES, L.P., TRUSTEE OF THE MARGARET TRUST #25634 VS. DENNIS J. ESPINOZA;

2  AND DOES 1 TO 10 Inclusive,. Defendant's demurrer to complaint for unlawful detainer

3  was based on a defective Notice to Occupants to Vacate Premises. A true and correct copy of

4  the relevant pleadings, i.e. summons and complaint, and demurrer to complaint, are attached

5  hereto as **Exhibit "A"** and **Exhibit "B"**, respectively.

6                                                    _____

7

8  2. This removal is therefore timely because it is not barred by the provisions of 28 U.S.C. **§1446(b).**

9  3. There are no other named Defendants in the action.

10 4. No previous request has been made for the relief requested.

11 5.  The Superior Court of California for the County of Riverside is located within the

12 Central District Court of California. Thus, venue is proper in this Court because it is the

13 "District and division embracing place where such action is pending." 2 8 U.S.C. §1441(a).

14

15 6. This action is removable to the instant Court because it originally could have been filed in this

16 Court pursuant to 2 8 U.S.C. §1441(a) and/or (b). The complaint presents federal questions.

17 Supplemental jurisdiction exists with respect to any remaining claims pursuant to 2 8 U.S.C.

18 §1367

19

20 **II. FEDERAL QUESTION: REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER**
   **JURIDCITION PURSUANT TO 28 U.S.C. §1331 and §1441**

21

22 7. The Complaint for Unlawful Detainer is Subject to strict notice requirements.

23 8. Defendant filed a demurrer to Complaint based on a defective notice, i.e., the Notice to Occupants

24 to Vacate Premises, failed to comply with The Protecting Tenants at Foreclosure Act[12 U.S.C.

25 §5220].

26 9. Notwithstanding said violation of 12 U.S.C. §5220, the Superior Court of California for the

27 County of Riverside did not sustain the demurrer.

28

**NOTICE OF REMOVAL OF CASE TO FEDERAL COURT**

1    10. Federal question jurisdiction exists because Defendants' demurrer, a pleading,  depend on the

2    on the determination of Defendants' right to Plaintiff's duties under federal law.

3    Wherefor Dennis J. Espinoza respectfully removes this action from the California Superior Court

4    for the County of Riverside to this Court pursuant to 28 United States Code Sections 1331 and 1441.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19   Dated: July 13, 2012

20                                              By: _____

21                                                   Dennis J. Espinoza
                                                     Defendant, In Pro Per
22

23

24

25

26

27   _____

28   _____

     **NOTICE OF REMOVAL OF CASE TO FEDERAL COURT**

**PROOF OF SERVICE**

State of California )

County of Riverside )

I am employed in the county of Riverside, State of California. I am over the age of 18,

And am not a party to the within action; my business address is 10131 Corral

Moreno Valley, CA 92557. On the date herein below specified, I served the

Foregoing document, described as set forth below on the interested parties in this action by placing

True copies thereof enclosed in sealed envelopes, at Riverside, California addressed as follows:

> Trace D. Alexander
> ALEXANDER LAW FIRM
> 7700 Irvine Center Drive, Suite 800
> Irvine, CA 92618

> Date of Service: July 13, 2012

Document Served: NOTICE OF REMOVAL OF CASE TO FEDERAL COURT

PURSUANT TO 28 U.S.C. §§1331 and 1446

X (BY REGULAR MAIL) I caused such envelope(s) to be placed in the United States mail. I am readily

Familiar with this firm's practice of collection and processing correspondence form mailing. It is

Deposited with U.S. postal service on the same day in the ordinary course of business. I am aware that

On the motion of party served, service is presumed invalid if postal cancellation date or postage

Meter date is more than 1 day after date of deposit for mailing in affidavit.

X (STATE) I declare under penalty of perjury under the laws of the State of California

That the above is true and correct.

Executed at Moreno Valley _____ on: July 13, 2012

_Richard Hurtado_

NOTICE OF REMOVAL OF CASE TO FEDERAL COURT

SUM-1:

# SUMMONS
## (CITATION JUDICIAL)
UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* Dennis J. Espinoza and Does 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Cal Max Properties, L.P., Trustee of the Margaret Trust #25634

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR - 4 2012

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   Riverside County Superior Court, Moreno Valley Justice District
   13800 Heacock St., #D201, Moreno Valley, CA 92553

   **CASE NUMBER:**
   *(Número del caso):*
   MVC 1 201692

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Trace D. Alexander, Esq.
   7700 Irvine Center Dr., #800, Irvine, CA 92618
   Telephone 949-218-4551
   Fax No.: 949-218-4591

3. *(Must be answered in all cases)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did for compensation give advice or assistance with this form. (If plaintiff has received **any** help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

Date: APR - 4 2012
*(Fecha)*

Clerk, by _____ P. Osborn _____, Deputy
*(Secretario)* *(Adjunt...)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [X] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
             [X] CCP 415.46 (occupant)   [ ] other *(specify):*
5. [ ] by personal delivery on *(date):*

Page 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456
*www.courtinfo.ca...*
*LexisNexis® Automated California Judicial Council F...*

Exhibit A

SUM-130

| PLAINTIFF *(Name)*: Cal Max Properties, L.P. | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: Dennis J. Espinoza, et al. | |

6.  **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

    a. Assistant's name:

    b. Telephone no.:

    c. Street address, city, and zip:

    d. County of registration:

    e. Registration no.:

    f. Registration expires on *(date)*:

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

*LexisNexis® Automated California Judicial Council Forms*

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form within 10 days of the date of service shown on this form, you will be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. If you file this form, your claim will be determined in the eviction action against the persons named in the Complaint.
3. If you do not file this form, you will be evicted without further hearing.

| | | |
|---|---|---|
| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address):*<br>Trace D. Alexander<br>Alexander Law Firm<br>7700 Irvine Center Dr., Ste. 800<br>Irvine, Ca 92618<br>ATTORNEY FOR *(Name):* Plaintiff Cal Max Properties L.P., Trustee | TELEPHONE NO.:<br>949-218-4551<br>FAX NO.:<br>949-218-4591 | *FOR COURT USE ONLY* |

NAME OF COURT: Riverside County Superior Court
STREET ADDRESS: 13800 Heacock St. #D201
MAILING ADDRESS:
CITY AND ZIP CODE: Moreno Valley, CA 92553
BRANCH NAME: Moreno Valley Justice Center

PLAINTIFF: Cal Max Properties, L.P., Trustee

DEFENDANT: Dennis J. Espinoza, et al.

| | |
|---|---|
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER:<br>MVC 1201692 |

| | |
|---|---|
| **Complete this form only if ALL of these statements are true:**<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the premises on or before the date the unlawful detainer (eviction) Complaint was filed.<br>3. You still occupy the premises. | *(To be completed by the process server)*<br>DATE OF SERVICE:<br>*(Date that this form is served or delivered, and posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):*

2. I reside at *(street address, unit No., city and ZIP code):*

3. The address of "the premises" subject to this claim is *(address):*

4. On *(insert date):* 4-4-12 , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is the court filing date on the accompanying Summons and Complaint.*

5. I occupied the premises on the date the complaint was filed *(the date in item 4).* I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4).*

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4).*

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of $ _____ or file with the court the form "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file with the court the form for waiver of court fees within 10 days from the date of service on this form (excluding court holidays), I will not be entitled to make a claim of right to possession.

(Continued on reverse)

| | | |
|---|---|---|
| CP10.5 [New January 1, 1991] | **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | Code of Civil Procedure §§ 415.46,<br>715.010, 715.020, 1174.25 |

*LexisNexis® Automated California Judicial Council Forms* 

| PLAINTIFF *(Name):* Cal Max Properties, L.P., Trustee | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* Dennis J. Espinoza, et al. | |

**NOTICE: If you fail to file this claim, you will be evicted without further hearing.**

11. *(Response required within five days after you file this form)* I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

12. **Rental agreement.** I have *(check all that apply to you):*
   a. ☐ an oral rental agreement with the landlord.
   b. ☐ a written rental agreement with the landlord.
   c. ☐ an oral rental agreement with a person other than the landlord.
   d. ☐ a written rental agreement with a person other than the landlord.
   e. ☐ other *(explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

. . . . . . . . . . . . . . . . . . . . . . . . . . . .      ▶
(TYPE OR PRINT NAME)                                          (SIGNATURE OF CLAIMANT)

**NOTICE:** If you file this claim of right to possession, the unlawful detainer (eviction) action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE** if all the following are true:
   1. **You are NOT named in the accompanying Summons and Complaint.**
   2. **You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.** *(The date is the court filing date on the accompanying Summons and Complaint.)*
   3. **You still occupy the premises.**

*(Where to file this form)*   You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the reverse of this form) at the court where the unlawful detainer (eviction) complaint was filed.

*(What will happen if you do not file this form)*   If you do not complete and submit this form and pay a filing fee or file the form for proceeding in forma pauperis if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you will be evicted without a hearing.*

*LexisNexis® Automated California Judicial Council Forms*



CM-010

Case 5:12-cv-01320-VAP-SP   Document 3   Filed 07/24/12   Page 11 of 31   Page ID #:43

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Trace D. Alexander (SBN) 132025<br>7700 Irvine Center Drive, Ste. 800<br>Irvine, CA 92618<br>TELEPHONE NO.: 949-218-4551   FAX NO.: 949-218-4591<br>ATTORNEY FOR (Name): | COPY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: 13800 Heacock St. #D201
MAILING ADDRESS:
CITY AND ZIP CODE: Moreno Valley, CA 92553
BRANCH NAME: Moreno Valley Court

CASE NAME:
Cal Max Properties, L.P., Trustee v. Dennis J. Espinoza, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount demanded exceeds $25,000) | ☒ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | MVC 1201692<br>BY FAX<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☒ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is   ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action (specify): One: Unlawful Detainer

5. This case ☐ is   ☒ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 03/12/2012

Trace D. Alexander
(TYPE OR PRINT NAME)                    ► [signature]   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

LexisNexis® Automated California Judicial Council Forms

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition





COPY

1   Trace D. Alexander (State Bar No. 132025)
    ALEXANDER LAW FIRM
2   7700 Irvine Center Drive, Suite 800
    Irvine, CA 92618
3   Telephone:    (949) 218-4551
    Facsimile:    (949) 218-4591
4
5   Attorneys for Plaintiff CAL MAX PROPERTIES L.P.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR - 4 2012

6
7                  SUPERIOR COURT OF CALIFORNIA
8                     COUNTY OF RIVERSIDE
9                 MORENO VALLEY JUSTICE CENTER

BY FAX

10
11  CAL MAX PROPERTIES L.P., Trustee of the        CASE NO. MVC 1201692
    MARGARET TRUST #25634
12
                        Plaintiff,               **LIMITED CIVIL CASE**
13
          vs.                                    **VERIFIED COMPLAINT FOR**
14                                               **UNLAWFUL DETAINER**
    DENNIS J. ESPINOZA, and DOES 1 to 10,        **BREACH OF WRITTEN LEASE**
15  inclusive.
                                                 **AMOUNT DEMANDED DOES NOT**
16                      Defendants.              **EXCEED $10,000.00**

| OSC RE: DISMISSAL | | |
|---|---|---|
| DATE | TIME | DEPT |
| 4/16/12 | 1pm | MV1 UD |

17
18
19
20  Plaintiff alleges:
21      1.    This court is the proper court for the trial of this action because:
22      a.    Each Defendant resides and/or conducts business in the area served by this Court;
23      b.    The real property which is the subject of this action 25634 Margaret Ave., Moreno
24  Valley, CA 92551 (hereinafter "the Property"), is located in the area served by this Court; and
25      c.    The amount of damages claimed in this action does not exceed $10,000.00.
26      2.    Plaintiff is informed and believes and upon such information and belief alleges that
27  Defendant DENNIS J. ESPINOZA and unknown occupants (hereinafter "Defendant(s)") at all times
28  herein mentioned were, and currently are, a residents of the City of Moreno Valley, County of

ALEXANDER LAW FIRM
7700 IRVINE CENTER DRIVE, SUITE 800
IRVINE, CALIFORNIA 92618
(949) 218-4551

-1-

COMPLAINT – UNLAWFUL DETAINER



1    Riverside, State of California.

2         3.    The true names and capacities of Does 1 through 10, inclusive, are presently unknown to

3    Plaintiff, who therefore sues such Defendant(s) under such fictitious names pursuant to Section 474

4    of the Code of Civil Procedure. Plaintiff is informed and believes, and on such information and

5    belief, alleges that each such "Doe" Defendant is in possession of the Property, without the

6    permission or consent of Plaintiff, and Plaintiff will amend this complaint to state the true names and

7    capacities of said Defendant(s) when the same have been ascertained.

8         4.    Plaintiff is the owner of and entitled to immediate possession of the Property.

9    Defendants, and each of them, are and remain in possession of the Property.

10        5.    On or about February 23, 2012, the Property was sold to Plaintiff at a trustee's sale

11    following foreclosure proceedings.  The trustee's sale was conducted under power of sale contained

12    in a deed of trust executed by Defendant with default thereunder, notice of such default, notice of

13    election to sell, purchase by Plaintiffs at the sale, and title under said sale thereafter duly perfected in

14    Plaintiffs.  Said foreclosure and all notices preceding said foreclosure were done in compliance with

15    Section 2924 et. seq. of the California Civil Code.

16        6.    On or about March 6, 2012, in the manner provided by law, Plaintiff caused to be served

17    on Defendant(s), and each of them, a 3/90 day notice to quit and CCP 1161c notice at the Property in

18    accordance with California law.  True and correct copies of the Notices and Proof of Service thereof

19    are attached to this Complaint collectively as Exhibit "A", and incorporated by this reference.

20        7.    More than three (3) days have elapsed since the service of the Notice, but Defendants

21    have failed and refused to deliver up possession of the Property.

22        8.    Defendant(s) continue in possession of the Property without Plaintiff's permission or

23    consent.

24        9.    Defendant(s) hold(s) over and continue(s) in possession of the Property willfully,

25    intentionally and deliberately without permission or consent of Plaintiff, and Plaintiff is entitled to

26    immediate possession of the Property.

27        10.    The reasonable value of the use and occupancy of the Property is the sum of at least

28    $43.00 per day, and damages to Plaintiff caused by Defendant's unlawful detention thereof has

ALEXANDER LAW FIRM
7700 IRVINE CENTER DRIVE, SUITE 800
IRVINE, CALIFORNIA 92618
(949) 218-4551

COMPLAINT – UNLAWFUL DETAINER

1   accrued at said rate since February 23, 2012 and will continue to accrue at said rate to the date of

2   judgment.

3         WHEREFORE, Plaintiffs pray for judgment against Defendant(s) as follows:

4       1.    For restitution and possession of the Property;

5       2.    For damages in the amount of at least $43.00 per day from February 23, 2012 to the

6   date of judgment;

7       3.    For costs of suit; and,

8       4.    For such other and further relief as the court may deem just and proper.

9

10  Dated:  March 12, 2012          ALEXANDER LAW FIRM

11

12

13                            Trace D. Alexander

14                            Attorneys for Plaintiff

15                            CAL MAX PROPERTIES LP, Trustee

16

17

18

19

20

21

22

23

24

25

26

27

28

ALEXANDER LAW FIRM
7700 IRVINE CENTER DRIVE, SUITE 800
IRVINE, CALIFORNIA 92618
(949) 218-4551

COMPLAINT – UNLAWFUL DETAINER 

VERIFICATION

I, Jack Maxwell, am the President and authorized representative of Plaintiff Cal Max Properties, L.P., Trustee, in this proceeding and am authorized to make this verification for and on its behalf and thus I make this verification for that reason. I have read the foregoing Complaint for Unlawful Detainer and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and, as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 12th day of March, 2012, at San Juan Capistrano, California.

_____
Jack Maxwell

# EXHIBIT A



# 3 DAY/90 DAY NOTICE TO QUIT

Notice to occupant to vacate premises located at: **25634 Margaret Ave., Moreno Valley, CA 92551**

## TO:   Dennis J. Espinoza, and unknown occupants

and Does 1 to 10 inclusive, **all occupants** and any other persons in possession of the above-referenced address:

**THIS IS THE FIRST STEP IN A LAWSUIT AGAINST YOU.  YOUR FAILURE TO VACATE THE REAL PROPERTY AS SPECIFIED BELOW WILL RESULT IN A LAWSUIT BEING FILED AGAINST YOU.**

The above-referenced real property ("Property") was sold in accordance with section 2924 of the California Civil Code under a power of sale contained in a deed of trust securing said Property, and title under the sale has been duly perfected.  The new owner seeks in good faith to recover possession of the Property.

PLEASE TAKE NOTICE THAT if you are the original owner or successor owner of the Property, then within three (3) days after service upon you of this notice, you are hereby required to quit, vacate, remove, surrender and deliver possession of the Property now held and occupied by you to the undersigned who is authorized to receive same. If you fail to quit possession of the premises within the (3) days allowed by law, the undersigned will institute legal proceedings against you to recover possession of the Property, recover holdover damages, statutory damages, and costs of suit.

PLEASE TAKE NOTICE THAT if you are a tenant or sub-tenant of the Property under a bonafide month-to-month tenancy, you may remain in the Property for 90 days if you pay rent to the new owners pursuant to your existing tenancy obligations. If you are a tenant or sub-tenant of the Property under a bonafide lease-for-term, you may remain in the Property until the end of the lease-for-term or 90 days, whichever is later, if you pay rent to the new owners pursuant to your existing lease obligations.  A lease or tenancy will be considered bonafide only if it complies with Section 702(b)(1),(2), and (3) of Title VII of the federal Protecting Tenants at Foreclosure Act.  However, a bonafide lease may be terminated upon the date of sale to a subsequent purchaser of the Property who will occupy the Property as a primary residence. You must contact the undersigned and provide a copy of any lease or tenancy agreement to the undersigned for review within three (3) days of service of this Notice. Upon determination of a bonafide lease or tenancy, all rent payments, including past due rent, must be made in accordance with the lease or tenancy, and made payable to:

*Cal Max Properties, LP*
32158 Camino Capistrano, Ste. A
San Juan Capistrano, California 92675

THIS NOTICE is given pursuant to Sections 1161(a) and 1161(b) of the California Code of Civil Procedure and Section 702 of Title VII of the federal Protecting Tenants at Foreclosure Act.

You are also hereby notified that a negative credit report may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit or legal obligations.

DATED: this 6th day of March, 2012.

Owner: _____

Grant Doelp – Agent – Cal Max Properties, LP
32158 Camino Capistrano, Ste. A
San Juan Capistrano, CA 92675
(909) 963-5898 (telephone)
(949) 612-3855 (facsimile)



COPY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 135 N. Alessandro Rd., Banning, CA 92220 | ☐ **INDIO** 46-200 Oasis St., Indio, CA 92201 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☒ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **HEMET** 880 N. State St., Hemet, CA 92543 | **TEMECULA** 41002 County Center Dr. Ste. 100, Temecula, CA 92591 |

RI-030

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar Number and Address)*
Trace D. Alexander (132025)
Alexander Law Firm
7700 Irvine Center Dr., #800
Irvine, CA 92618
 TELEPHONE NO: 949-218-4551      FAX NO. *(Optional)*: 949-218-4591
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff

*FOR COURT USE ONLY*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR - 4 2012

CASE NUMBER:
MVC 1201692

PLAINTIFF/PETITIONER: Cal Max Properties, L.P., as Trustee

DEFENDANT/RESPONDENT: Dennis J. Espinoza, et al.

**CERTIFICATE OF COUNSEL**

All civil cases shall be filed in the following courthouses based on the zip code of the area in which the cause of action arose.

The undersigned certifies that this matter should be tried or heard in the following court:

| | | | |
|---|---|---|---|
| ☐ Banning | ☐ Blythe | ☐ Hemet | ☐ Murrieta |
| ☒ Moreno Valley | ☐ Riverside | ☐ Indio | ☐ Temecula |

For the reasons specified below:

☐ The action arose in the zip code of: _____ or
   City/Community of: _____

☒ The action concerns real property located in the zip code of: _____ or
   City/Community of: Moreno Valley, CA _____

☐ The Defendant resides in the zip code of: _____ or
   City/Community of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  03/12/12 _____

Trace D. Alexander _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _____
   (SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-030 [Rev. 1/1/12]

**CERTIFICATE OF COUNSEL**

Local Rule 3115
riverside.courts.ca.gov/localfrms/localfrms.shtml



1    DENNIS J. ESPINOZA
     25634 Margaret Ave.,
2    Moreno Valley, CA 92551
3    951-924-2471

4

5    Defendant, In Pro Per

6

7                        SUPERIOR COURT OF CALIFORNIA

8            COUNTY OF RIVERSIDE – MORENO VALLEY JUSTICE CENTER

9

10

11   CAL MAX PROPERTIES, L.P., Trustee of the      )   CASE NO:    1281692
     MARGARET TRUST #25634                         )
12                                                 )
                                                   )
13                       Plaintiff,                )   DEFENDANT DENNIS J. ESPINOZA
                                                   )   DEMURRER TO COMPLAINT FOR UNLAWFUL
14              vs.                                )   DETAINER
                                                   )
15   DENNIS J. ESPINOZA; and DOES 1 to             )
     10, Inclusive,                                )
16                                                 )   Date:  05-14-12
                         Defendants.               )   Time:  1:00 pm
17                                                 )   Dept.: MV / VD
                                                   )
18                                                 )
                                                   )
19                                                 )
                                                   )
20                                                 )
                                                   )
21   _____)
                                                   )
22

23        TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

24        PLEASE TAKE NOTICE that on    05-14-12    , at 1:00 pm, or as soon thereafter as it

     may be heard in Department MV / VD of the above-entitled court, located at 13800 HEACOCK ST.
25
     ,#D201, Moreno Valley, CA 92553 Defendant J. Espinoza will present his Demurrer to Plaintiff's
26
     Cal Max Properties, L.P, (hereinafter "Plaintiff") Complaint for Unlawful Detainer.
27

28   DEFENDANT DENNIS J. ESPINOZA'S DEMURRER
     TO COMPLAINT FOR UNLAWFUL DETAINER

                                                              Exhibit B

1    The Demurrer will be based on Plaintiff's Complaint for Unlawful Detainer, the

2    accompanying Memorandum of Points and Authorities, the records of the Court, and such other

3    and further matters as the Court may consider at the hearing on the demurrer.

4

5    Dated: April 16, 2012

6                                                By: _____

7                                                    Dennis J. Espinoza
                                                     Defendant, In Pro Per
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT DENNIS J. ESPINOZA'S DEMURRER
TO COMPLAINT FOR UNLAWFUL DETAINER                                      Page 2

1   DEMURRER

2      Defendant Dennis J. Espinoza hereby specifically and generally demurs to the Complaint for

3   Unlawful Detainer as follows:

4      Plaintiff's Complaint for Unlawful Detainer is defective in that the 3-Day Notice to Quit

5   was and is inappropriate and defective;

6      Plaintiff's Complaint for Unlawful Detainer fails to state a cause of action against this

7   demurring Defendant. [1]

8      Plaintiff's 3-Day Notice to Quit, which is incorporated into the Complaint for Unlawful

9   Detainer, was served on Defendant Dennis J. Espinoza. The 3-Day Notice to Quit directed

10   Defendant to quit and deliver up possession of the premises within 3 days after service of the

11   notice. [Complaint for U.D., ¶ 8]. The 3-Day Notice to Quit is inappropriate and defective

12   whereby rendering the entire Complaint defective on its face.

13      WHEREFORE Defendant prays:

14      1.      That the Demurrer is sustained without leave to amend;

15      2.      That Plaintiff take nothing by way of its Complaint for Unlawful Detainer;

16      3.      For costs of suit incurred, if allowed;

17      4.      For such other costs and relief as the Court may deem just and proper.

18

19   Dated: April 16, 2012

20   By: _____

21   Dennis J. Espinoza.
     Defendant, In Pro Per

22

23

24

25

26

27   _____

28   [1] CCP §430.10(e)
     DEFENDANT DENNIS J. ESPINOZA'S DEMURRER
     TO COMPLAINT FOR UNLAWFUL DETAINER                                    Page 3



1      MEMORANDUM OF POINTS AND AUTHORITIES

2                            I.

3                      INTRODUCTION

4      The subject property was owned by Dennis J. Espinoza. The property was purportedly sold

5      at a trustee's sale pursuant to an alleged notice of default and election to sell.

6      Defendant Dennis J. Espinoza resided at the subject property and has been residing there

7      since it was purchased as his sole residence.

8      On or about March 6, 2012, Defendant was allegedly served with a 3-Day Notice to

9      Quit. The 3-Day Notice to Quit specified that the former owner was to deliver possession of the

10     subject property within 3 days, or by March 10, 2012.

11     On or about April 4, 2012, Plaintiff caused its Complaint for Unlawful Detainer to

12     be served on Defendant.

13                           II.

14     THE 3-DAY NOTICE TO QUIT IS INAPPROPRIATE AND INADEQUATE.

15     Plaintiff's Complaint for Unlawful Detainer attaches and incorporates a 3-Day Notice to

16     Quit. The Complaint for Unlawful Detainer specifically sets a daily rental value on the property

17     of $43.00 per day. [Complaint for U.D.¶ 10]. This language

18     ostensibly characterizes Defendant as a tenant. [2]

19     Whether consent and acceptance of rent created a landlord-tenant relationship depends of

20     course on the particular circumstances of each case. [3]

21     Consequently, Civ. C §1946, Notice Required to Terminate Tenancy states:

22     A hiring of real property, for a term not specified by the parties, is deemed to be renewed
       as stated in Section 1945, at the end of the term implied by law unless one of the parties
23     gives written notice to the other of his intention to terminate the same, at least as long
       before the expiration thereof as the term of the hiring itself, not exceeding 30 days;——
24     provided, however, that as to tenancies from month to month either of the parties may
       terminate the same by giving at least 30 days' written notice thereof at any time and the
25     rent shall be due and payable to and including the date of termination.

26     _____

27     [2] Civ. C §1940

28     Getz v. City of W. Hollywood (1991) 233 Cal. App. 3d 625, 630, 284 Cal.Rptr. 631
DEFENDANT DENNIS J. ESPINOZA'S DEMURRER

                                                                        Page 4

TO COMPLAINT FOR UNLAWFUL DETAINER

(B)

1

Code of Civ. Proc. §1161(2) states, in pertinent part, that:

2

"When he or she continues in possession, in person or by subtenant, without the
permission of his or her landlord, or the successor in estate of his or her landlord, if

3

applicable, after default in the payment of rent, pursuant to the lease or agreement under
which the property is held, and three days' notice, in writing, requiring its payment,

4

stating the amount which is due, the name, telephone number, and address of the person
to whom the rent payment shall be made..."

5

6

Therefore, the mere service of a 3-Day Notice to Quit on Defendant was inappropriate and

7

inadequate.

8

In addition, the 3-Day Notice to Quit does not conform to the provisions set forth in 12

9

USC §5220, The Protecting Tenants at Foreclosure Act, which states that:

10

"(a) In general. In the case of any foreclosure on a federally-related mortgage
loan or on any dwelling or residential real property after the date of enactment

11

of this title, any immediate successor in interest in such property pursuant to the
foreclosure shall assume such interest subject to--

12

"(l) the provision, by such successor in interest of a notice to vacate to any bona

13

fide tenant at least 90 days before the elective date of such notice; and
"(2) the right* of any bonafide tenant, as of the date of such notice of

14

foreclosure-
"(A) under any bonafide lease entered into before the notice of foreclosure to

15

occupy the premises until the end of the remaining term of the lease, except that
a successor in interest may terminate a lease effective on the date of sale of the

16

unit to a purchaser who will occupy the unit as a primary residence, subject to
the receipt by the tenant of the 90 day notice under paragraph (l); or

17

"(B) without a lease or with a lease terminable at will under State law, subject to
the receipt by the tenant of the 90 day notice under subsection (l), except that

18

nothing under this section shall affect the requirements for termination of any
Federal- or State-subsidized tenancy or of any State or local law that provides

19

longer time periods or other additional protections for tenants.
"(b) Bonafide lease or tenancy. For purposes of this section, a lease or tenancy

20

shall be considered bonafide only if-
"(1) the mortgagor or the child, spouse, or parent of the mortgagor under the

21

contract is not the tenant;
"(2) the lease or tenancy was the result of an arms-length transaction; and

22

"(3) the lease or tenancy requires the receipt of rent that is not substantially less
than fair market rent for the property or the unit's rent is reduced or subsidized

23

due to a Federal, State, or local subsidy."

24

The 3-Day Notice to Quit that Plaintiff served on Defendant does not contain the provision

25

mandated by the Protection Tenants at Foreclosure Act. Therefore, the 3-Day Notice to Quit is

26

defective.

27

///

28

DEFENDANT DENNIS J. ESPINOZA'S DEMURRER
TO COMPLAINT FOR UNLAWFUL DETAINER                                              Page 5

Ⓑ

III.

CONCLUSION

Based on the foregoing, Defendant Dennis J. Espinoza requests that his Demurrer to Plaintiff's Complaint for Unlawful Detainer be sustained without leave to amend.

Dated: April 16, 2012

By: _____

Dennis J. Espinoza
Defendant, In Pro Per

DEFENDANT DENNIS J. ESPINOZA'S DEMURRER
TO COMPLAINT FOR UNLAWFUL DETAINER

Page 6

PROOF OF SERVICE

State of California        )
                           )
County of Riverside        )

I am employed in the County of Riverside, State of California. I am over the age of 18, and am not a party to the within action; my business address is _10131 Corral_

_Moreno Valley, CA 92557_

On the date herein below specified, I served the foregoing document, described as set forth below on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes, at Santee, California addressed as follows:

Trace D. Alexander
ALEXANDER LAW FIRM
77oo Irvine Center Drive, Suite 800
Irvine, CA 92618

Date of Service: April, 2012   _April 16, 2012_
Document Served: DEFENDANT DENNIS J. ESPINOZA'S DEMURRER TO
COMPLAINT FOR UNLAWFUL DETAINER

___X___  (BY REGULAR MAIL) I caused such envelope(s) to be placed in the United States mail. I am readily familiar with this firm's practice of collection and processing correspondence form mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

___X___  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at   _Moreno Valley_   on: April 16, 2012

_Richard Hurtado_

DEFENDANT DENNIS J. ESPINOZA'S DEMURRER
TO COMPLAINT FOR UNLAWFUL DETAINER                                    Page 7

Ⓑ

Daniel,

I filed this document this morning.  There was an extra digit added to the case number, so that was corrected.  Also on the proof of service there was no date in April, so she told me to have in served with a date included.

Ⓑ

LODGED

1    DENNIS J. ESPINOZA
     25634 Margaret Ave.,
2    Moreno Valley, CA 92551
     Telephone:
3
4
5    Defendants, In Pro Per
6

2012 JUL 13  PM 2: 57

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

RECEIVED/RETURNED
CLERK, U.S. DISTRICT COURT

JUL 24 2012

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

7              UNITED STATES DISTRICT COURT

8       FOR THE CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

9
10          ED   CV  12  -  01168

11   CAL MAX PROPERTIES, L.P., Trustee of the    )   CASE NO:  MVC 12 10692
12   MARGARET TRUST #25634                        )
                                                  )   HON.:
13              Plaintiff,                         )
                                                  )
14        vs.                                      )   CERTIFICATE OF INTERESTED PARTIES
                                                  )
15   DENNIS J. ESPINOZA; and DOES 1 to            )
     10, Inclusive,                               )
16                                                )
                Defendants                        )
17                                                )
                                                  )
18                                                )
                                                  )
19

20              CERTIFICATE OF INTERESTED PARTIES

21

22

23   Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Dennis J. Espinoza files this

24   Certificate of Interested Parties. The following, to the best of may be interested in the

25   Outcome of this litigation:

26        1. Dennis J. Espinoza  - Defendant

27

28   CERTIFICATE OF INTERESTED PARTIES

                                                              Page 1

1    **CERTIFICATE OF INTERESTED PARTIES**
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CIVIL COVER SHEET**

<table>
<tr><td colspan="2"><b>I (a) PLAINTIFFS</b> (Check box if you are representing yourself □)<br>CAL MAX PROPERTIES, L.P.</td><td colspan="2"><b>DEFENDANTS</b><br>DENNIS J. ESPINOZA</td></tr>
<tr><td colspan="2"><b>(b)</b> Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br><br>TRACE D. ALEXANDER<br>ALEXANDER LAW FIRM<br>7700 Irvince Center Dr. #800. Irvince CA, 92618  (949) 218-4551</td><td colspan="2">Attorneys (If Known)</td></tr>
</table>

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant   □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

□ 1 Original Proceeding   ☑ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** □ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes  ☑ No        □ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | □ 630 Liquor Laws | SOCIAL SECURITY |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 640 R.R. & Truck | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | IMMIGRATION | □ 445 American with Disabilities - Employment | □ 650 Airline Regs | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 660 Occupational Safety /Health | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | REAL PROPERTY | □ 463 Habeas Corpus-Alien Detainee | □ 440 Other Civil Rights | □ 690 Other | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 465 Other Immigration Actions | | | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | ☑ 220 Foreclosure | | | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 245 Tort Product Liability | | | | |
| | □ 290 All Other Real Property | | | | |

**ED CV 12 - 01160**

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                     CIVIL COVER SHEET                     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                    ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | Riverside County |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | Riverside County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside      None | Riverside      None |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Kevin A. Lee_      Date   7-13-12

   **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |